IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALONZO REED,

        Plaintiff,                   No. CIV S-04-0575 GEB JFM P

    vs.

D. L. RUNNELS, et al.,

        Defendants.          ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. This action was commenced by plaintiff in state court and removed by defendants to this court pursuant to 28 U.S.C. § 1441. Since removal, plaintiff has filed an amended complaint and a second amended complaint, a motion for leave to file a third amended complaint together with a proposed third amended complaint, two supplemental complaints, and a request for leave to file a fifth amended complaint.[1] By order filed April 14, 2005, plaintiff's motion for leave to file a third amended complaint was granted and plaintiff was directed to file within twenty days a copy of all disciplinary convictions referred to in the April 14, 2005 order.

        By order filed June 20, 2005, plaintiff was given an extension of thirty days to

---

[1] Over the course of three amended complaints, this action has been transformed from a claim, raised against seven defendants at one state prison, about an alleged improper deprivation of a radio, to an action against fifty-five named defendants and numerous other Doe defendants at three state prisons and the California Department of Corrections headquarters.

comply with the April 14, 2005 order. Since that time, plaintiff has filed three "status reports" describing alleged difficulties that he is having obtaining the required copies. It appears that the difficulties center on a dispute plaintiff is having with prison officials who have requested a complete copy of the April 14, 2005 order in order to provide plaintiff the copies he is requesting. The last status report was filed on October 13, 2005.

If plaintiff wants to obtain copies of documents from prison officials, he must comply with all reasonable requirements that they set for obtaining such copies. The April 14, 2005 order is a matter of public record, and the court cannot find that it is unreasonable for officials to request a copy of said order. Good cause appearing, plaintiff will be granted one final thirty day period in which to comply with the April 14, 2005 order.

On August 31, 2005, plaintiff filed a motion for leave to file a fifth amended complaint. Plaintiff's proposed fifth amended complaint raises only claims unrelated to those that led the court to require submission of the disciplinary convictions. If plaintiff's motion is granted, the filing of the fifth amended complaint will moot the requirements of the April 14, 2005 order.[2] Good cause appearing, plaintiff will be direct to file, within thirty days, either a request to withdraw his motion for leave to file a fifth amended complaint or a request for ruling on said motion with notice of intent to proceed on the fifth amended complaint, rather than the third amended complaint, if the motion is granted.[3]

On June 29, 2005, plaintiff filed a fourth motion for temporary restraining order and or preliminary injunction.[4] As plaintiff has previously been advised, the principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after

---

[2] This is because, as a general rule, an amended complaint supersedes prior complaints. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967); see also Local Rule 15-220.

[3] This court makes no findings at this time whether the fifth amended complaint states any cognizable claim for relief.

[4] Plaintiff's previous motions were denied without prejudice in the court's April 14, 2005 order.

2

1  a trial on the merits.  See C. Wright & A. Miller, 11 Federal Practice and Procedure, §2947
2  (1973).  In addition to demonstrating that he will suffer irreparable harm if the court fails to grant
3  the preliminary injunction, plaintiff must show a "fair chance of success on the merits" of his
4  claim.  Sports Form, Inc. v. United Press International, Inc., 686 F.2d 750, 754 (9th Cir. 1982),
5  quoting Benda v. Grand Lodge of International Association of Machinists and Aerospace
6  Workers, 584 F.2d 308, 315 (9th Cir. 1979).  Implicit in this required showing is that the relief
7  awarded is only temporary and there will be a full hearing on the merits of the claims raised in
8  the injunction when the action is brought to trial.
9         The court has not yet determined that plaintiff has presented any cognizable
10  claims to the court, whether in his third amended complaint or his proposed fifth amended
11  complaint.  For that reason, plaintiff's motion will be denied without prejudice.
12         In accordance with the above, IT IS HEREBY ORDERED that:
13         1. Plaintiff is granted one final period of thirty days in which to file the copies
14  required by the court's April 14, 2005 order;
15         2. Within thirty days from the date of this order plaintiff shall file either a request
16  to withdraw his motion for leave to file a fifth amended complaint or a request for ruling on said
17  motion with notice of intent to proceed on the fifth amended complaint, rather than the third
18  amended complaint, if the motion is granted; and
19         3. Plaintiff's June 29, 20005 motion for injunctive relief is denied without
20  prejudice.
21  DATED: October 25, 2005.

UNITED STATES MAGISTRATE JUDGE

12;reed0575.o3