1

2

3

4

5

6

7

8

9              IN THE UNITED STATES DISTRICT COURT

10           FOR THE EASTERN DISTRICT OF CALIFORNIA

11   ALONZO REED,

12           Plaintiff,                  No. CIV S-04-0575 GEB JFM P

13        vs.

14   D. L. RUNNELS, et al.,

15           Defendants.                 ORDER

16   _____/

17          Plaintiff is a state prisoner proceeding pro se.  This action was commenced by

18   plaintiff in state court and removed to this court pursuant to 28 U.S.C. § 1441 by seven

19   defendants named in the original complaint.  Since removal, plaintiff has filed an amended

20   complaint and a second amended complaint, a motion for leave to file a third amended complaint

21   together with a proposed third amended complaint, two supplemental complaints, a request for

22   leave to file a fifth amended complaint, and, most recently, three motions to supplement his third

23   amended complaint.[1]  On November 7, 2005, plaintiff voluntarily withdrew his motion for leave

24

25          [1] Over the course of three amended complaints, this action has been transformed from a
     claim, raised against seven defendants at one state prison, about an alleged improper deprivation
     of a radio, to an action against fifty-five named defendants and numerous other Doe defendants at
26   three state prisons and the California Department of Corrections and Rehabilitation headquarters.

1

to file a fifth amended complaint.  In accordance with this court's April 14, 2005 order, this action is presently proceeding on plaintiff's third amended complaint.  The court has not yet ordered service of process on any additional defendants pending compliance with that part of the April 14, 2005 order that required plaintiff to file a copy of all disciplinary convictions referred to in the April 14, 2005 order.

By order filed June 20, 2005, plaintiff was given an extension of thirty days to comply with the April 14, 2005 order.  Since that time, plaintiff has filed three "status reports" describing alleged difficulties that he is having obtaining the required copies.  It appears that the difficulties center on a dispute plaintiff is having with prison officials who have requested a complete copy of the April 14, 2005 order in order to provide plaintiff the copies he is requesting.  The last status report was filed on October 13, 2005.

By order filed October 26, 2005, plaintiff was granted one final period of thirty days in which to file the required copies.  Instead of complying with that order, on November 29, 2005, plaintiff filed another request for extension of time.  Appended to the request is, inter alia, a copy of a second level response to an administrative grievance plaintiff filed concerning access to copies.  The second level response is dated September 29, 2005, and clearly sets forth the procedures plaintiff must follow to obtain the required copies.  Instead of complying with those procedures, plaintiff has apparently elected to pursue his prison grievance to the final level of review.

In addition, on November 7, 20005, plaintiff filed three motions to supplement the third amended complaint.  As a general proposition, the Local Rules of this Court require that an action proceed on a pleading that is complete in itself without reference to prior pleadings.  See Local Rule 15-220.  While both the Federal Rules of Civil Procedure and the Local Rules of this Court contemplate supplementation of an operative complaint under certain circumstances, as a

1   general rule this court does not authorize supplemental complaints as they present an undue risk

2   of piecemeal litigation that precludes orderly resolution of cognizable claims.  In addition, as the

3   court noted in its October 26, 2005 order, since this case was removed from state court plaintiff

4   has endeavored to transform the action from a claim, raised against seven defendants at one state

5   prison, about an alleged improper deprivation of a radio, to an action against fifty-five named

6   defendants and numerous other Doe defendants at three state prisons and the California

7   Department of Corrections headquarters.  Plaintiff now proposes to add yet more allegations to

8   an already unwieldy action.

9          After review of the entire record, and good cause appearing, plaintiff's three

10  motions to supplement the third amended complaint will be denied.  In addition, the third

11  amended complaint will be dismissed.  Plaintiff will be given one final opportunity to amend his

12  complaint.  Should plaintiff choose to amend his complaint, he must file one complete fourth

13  amended complaint that names all defendants and raises all claims that he seeks to bring in this

14  action.[2]  No supplemental pleading will be allowed, nor will the court grant any further

15  extensions of time to plaintiff.

16          If plaintiff chooses to file a fourth amended complaint, plaintiff must demonstrate

17  how the conditions complained of have resulted in a deprivation of plaintiff's constitutional

18  rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the fourth amended complaint

19  must allege in specific terms how each named defendant is involved.  There can be no liability

20  under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's

21  actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto,

22  633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

23

24          [2] In view of the dismissal of plaintiff's third amended complaint, plaintiff is hereby
    relieved of the obligation to comply with the April 14, 2005 order.  Should plaintiff choose to
    base any claim in the fourth amended complaint on a prison disciplinary conviction, he must
25  append a copy of that conviction to the fourth amended complaint.  Failure to attach a copy of
    any disciplinary conviction challenged hereni may result in dismissal of any claims relating to
26  that disciplinary conviction.

3

1   Furthermore, vague and conclusory allegations of official participation in civil rights violations

2   are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

3   In addition, plaintiff is informed that the court cannot refer to a prior pleading in

4   order to make plaintiff's fourth amended complaint complete.  Local Rule 15-220 requires that

5   an amended complaint be complete in itself without reference to any prior pleading.  This is

6   because, as a general rule, an amended complaint supersedes all prior pleadings.  See Loux v.

7   Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a fourth amended complaint, none of

8   his prior pleadings will serve any further function in the case.  Therefore, in the fourth amended

9   complaint, as in an original complaint, all defendants must be named, and each claim and the

10  involvement of each defendant must be sufficiently alleged.

11  On November 7, 2005, plaintiff filed a fifth motion for temporary restraining

12  order and or preliminary injunction.[3]  As plaintiff has previously been advised, the principal

13  purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful

14  decision after a trial on the merits.  See C. Wright & A. Miller, 11 Federal Practice and

15  Procedure, §2947 (1973).  In addition to demonstrating that he will suffer irreparable harm if the

16  court fails to grant the preliminary injunction, plaintiff must show a "fair chance of success on

17  the merits" of his claim.  Sports Form, Inc. v. United Press International, Inc., 686 F.2d 750, 754

18  (9th Cir. 1982), quoting Benda v. Grand Lodge of International Association of Machinists and

19  Aerospace Workers, 584 F.2d 308, 315 (9th Cir. 1979).  Implicit in this required showing is that

20  the relief awarded is only temporary and there will be a full hearing on the merits of the claims

21  raised in the injunction when the action is brought to trial.

22  At the present time, there are no cognizable claims pending before the court.  For

23  that reason, plaintiff's motion will be denied without prejudice.

24  After careful review of the entire record in this action, this court finds that the

25

26  _____

    [3] Plaintiff's previous motions were denied without prejudice in the court's April 14, 2005
    order.

1  manner in which plaintiff has thus far prosecuted this action requires that he be formally

2  cautioned that a litigant proceeding in forma pauperis may suffer restricted access to the court

3  where it is determined that he has filed excessive motions in a pending action.  DeLong v.

4  Hennessey, 912 F.2d 1144 (9th Cir. 1990); see also Tripati v. Beaman, 878 F2d 351, 352 (10th

5  Cir. 1989).  Plaintiff is cautioned that, in light of the repeated orders advising plaintiff that he

6  must present a complaint raising cognizable claims to the court before he seeks further injunctive

7  relief, the court views the number of motions filed to date as excessive and that consideration

8  will be given to restricted court access if plaintiff does not exercise appropriate restraint

9  henceforth.

10         Plaintiff is further cautioned that the court will view any further motions to file a

11  supplemental complaint as a violation of this order, and that further failures to comply with court

12  orders may result in a recommendation that this action be dismissed.

13         Finally, the record reflects that plaintiff has recently transferred to the Department

14  of Mental Health Facility at California Medical Facility and that he is alleging delays in receipt of

15  his legal material.  For that reason, the court will grant plaintiff a period of 120 days to file a

16  fourth amended complaint.  However, no further extensions of time will be granted for any

17  reason.

18         In accordance with the above, IT IS HEREBY ORDERED that:

19         1.  Plaintiff's third amended complaint is dismissed;

20         2.  Plaintiff's November 7, 2005 motions for leave to file supplemental

21  complaints are denied;

22         3.  Plaintiff's November 7, 2005 motion for injunctive relief is denied without

23  prejudice;

24         4.  Plaintiff's November 29, 2005 motion for extension of time is denied as

25  unnecessary;

26         5.  Plaintiff is granted one hundred twenty days from the date of service of this

1   order to file a fourth amended complaint that complies with the requirements of the Civil Rights

2   Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the fourth amended

3   complaint must bear the docket number assigned this case and must be labeled "Fourth Amended

4   Complaint"; plaintiff must file an original and two copies of the fourth amended complaint;

5   failure to file a fourth amended complaint in accordance with this order will result in a

6   recommendation that this action be dismissed;

7           6.  Failure to comply with any provision of this order will result in a

8   recommendation that this action be dismissed; and

9           7.  No extension of the deadline set herein will be granted for any reason.

10   DATED:  January 12, 2006.

11

12

_____
UNITED STATES MAGISTRATE JUDGE

13

14
12
reed0575.o4

15

16

17

18

19

20

21

22

23

24

25

26