IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALONZO REED,

      Plaintiff,                    No. CIV S-04-0575 GEB JFM P

    vs.

D. L. RUNNELS, et al.,

      Defendants.              ORDER TO SHOW CAUSE

_____/

        Plaintiff is a state prisoner proceeding pro se. This action was commenced by plaintiff in state court and removed by defendants to this court pursuant to 28 U.S.C. § 1441. Since removal, plaintiff has filed an amended complaint, a second amended complaint, a third amended complaint and, most recently, a proposed fourth amended complaint.[1]

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

---

[1] Over the course of four amended complaints, this action has been transformed from a claim, raised against seven defendants at one state prison, about an alleged improper deprivation of a radio, to an action against sixty-five named defendants and numerous other Doe defendants at four state prisons and the California Department of Corrections headquarters.

1

granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff's fourth amended complaint is ninety-one pages long and names sixty-five individual defendants and numerous Doe defendants.  This action was commenced in this court on March 22, 2004 when defendants filed a notice of removal removing this action from the Lassen County Superior Court to this court.  The fourth amended complaint contains numerous allegations based on events that occurred in March 2004 and thereafter.

"Section 1997e(a) of Title 42 of the United States Code provides:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

/////

1          confined in any jail, prison, or other correctional facility until such
2          administrative remedies as are available are exhausted.

3  This exhaustion requirement is mandatory.  Booth v. Churner, 532 U.S. 731, 741 (2001)."
4  McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002); see also Porter v. Nussle, 534 U.S.
5  516, 524 (2002).  Exhaustion must precede the filing of the complaint and that compliance with
6  the statute is not achieved by satisfying the exhaustion requirement during the course of an
7  action.  McKinney, 311 F.3d at 1199.  As a general rule, defendants have the burden of
8  establishing that plaintiff failed to satisfy the exhaustion requirement of 42 U.S.C. § 1997e(a).
9  See Wyatt, 315 F.3d at 1120.  Here, however, it is axiomatic that plaintiff could not have
10 exhausted administrative remedies for any claim based on events that occurred on or after March
11 22, 2004, the date on which the instant action was removed to this court.  Good cause appearing,
12 the parties will be directed to show cause in writing why all claims arising from allegations of
13 events that occurred on or after March 22, 2004 should not be dismissed without prejudice for
14 failure to exhaust administrative remedies prior to suit.

15          The fourth amended complaint also includes, inter alia, challenges to a series of
16 allegedly retaliatory disciplinary proceedings against plaintiff that took place in 1999, (proposed
17 Fourth Amended Complaint, filed March 8, 2006, at 10-31),  a challenge to an alleged retaliatory
18 transfer suffered by plaintiff in November or December 1999, (id. at 35), a series of allegations
19 about grievances filed by plaintiff in the year 2000 during a period of incarceration at High
20 Desert State Prison, (id. at 35-38), allegations that his right to due process was violated in prison
21 disciplinary proceedings in October 1999, (id. at 61), and allegations that plaintiff was
22 discriminated against in 1998, (id. at 62-64).

23          California law determines the applicable statute of limitations in this § 1983
24 action. See Wilson v. Garcia, 471 U.S. 261 (1985).  The applicable state limitations period is
25 one year.  See Cal. Code Civ. Proc. § 340(3); see also Elliott v. City of Union City, 25 F.3d 800,
26 802 (9th Cir.1994).  In addition, inmates imprisoned "for a term less than life" are entitled to

statutory tolling of the limitations period for two years. Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999) (citing Cal. Code Civ. P. § 352.1.) Federal law governs when plaintiff's § 1983 claims accrued and when the limitations period begins to run. Cabrera v. City of Huntington Park, 159 F.3d 374, 379 (9th Cir. 1998). Under federal law, "the claim generally accrues when the plaintiff 'knows or has reason to know of the injury which is the basis of the action.'" Id. (citations omitted).

Many of plaintiff's claims are based on allegations of events that occurred more than three years before this action was removed to this court.[2] Good cause appearing, the parties will be ordered to show cause, if any there is, why those claims should not be dismissed as barred by the statute of limitations.

Finally, the court notes as a general matter that plaintiff's fourth amended complaint does not contain a short and plain statement of claims as required by Fed. R. Civ. P. 8. In McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996), the Ninth Circuit Court of Appeal upheld the dismissal of a complaint it found to be "argumentative, prolix, replete with redundancy, and largely irrelevant. It consists largely of immaterial background information." The court observed the Federal Rules require that a complaint consist of "simple, concise, and direct" averments. Id. As a model of concise pleading, the court quoted the standard form negligence complaint from the Appendix to the Federal Rules of Civil Procedure:

> 1. Allegation of jurisdiction.
> 2. On June 1, 1936, in a public highway, called Boylston Street, in Boston Massachusetts, defendant negligently drove a motor vehicle against plaintiff, who was then crossing said highway.
>
> 3. As a result plaintiff was thrown down and had his leg broken, and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars.

---

[2] The court makes no findings at this time whether or not plaintiff is entitled to the two-year statutory tolling period of California Code of Civil Procedure § 352.1 or any other form of tolling. Issues relating to tolling of the applicable limitations period should be briefed by the parties in their response to this order to show cause.

4

> Wherefore plaintiff demands judgment against defendant in the sum of one thousand dollars.

Id.

Plaintiff's fourth amended complaint suffers from many of the same problems as the pleading dismissed in McHenry: there is much "'narrative rambling[]'" yet a marked lack of "notice of what legal claims are asserted against which defendants." Id. at 1176. As in McHenry, "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges." Id. at 1179. Although the fourth amended complaint will not be dismissed at this time, the court anticipates that once the issues related to exhaustion and timeliness are resolved, plaintiff will be required to amend his pleading one last time to delete all surplusage from the pleading on which this action will proceed.[3]

On March 8, 2006, plaintiff filed a document styled as motions for a temporary restraining order, and on April 21, 2006, plaintiff filed a supplement thereto. The principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits. See C. Wright & A. Miller, 11 Federal Practice and Procedure, §2947 (1973). In addition to demonstrating that he will suffer irreparable harm if the court fails to grant the preliminary injunction, plaintiff must show a "fair chance of success on the merits" of his claim. Sports Form, Inc. v. United Press International, Inc., 686 F.2d 750, 754 (9th Cir. 1982), quoting Benda v. Grand Lodge of International Association of Machinists and Aerospace Workers, 584 F.2d 308, 315 (9th Cir. 1979). Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial.

/////

---

[3] In this regard, however, plaintiff should not file a proposed fifth amended complaint unless and until he is directed to do by the court. Plaintiff is cautioned that sanctions, including but not limited to, dismissal of the action may be imposed for failure to comply with court orders.

The court has not yet determined that plaintiff has presented any cognizable claims in his fourth amended complaint. Moreover, the claims underlying his requests for temporary restraining order are based on alleged events that postdated the filing of this action and, therefore, may not be cognizable in this action because plaintiff could not have satisfied the exhaustion requirement of 42 U.S.C. § 1997e(a) with respect to any such claims before the action was filed in this court. For these reasons, plaintiff's motions will be denied without prejudice.

On August 21, 2006, plaintiff filed a document styled "Emergency Order Directing the Prison Officials to Return All Sixteen Boxes of Plaintiff's Legal Materials." Plaintiff's request is overbroad and far exceeds the scope of any relief that might be available to him to avoid an unconstitutional interference with his right to access the court to litigate this action. Cf. Lewis v. Casey, 518 U.S. 343, 351, 356 (1996) (prison inmates have a constitutionally protected right to access the courts to bring civil rights actions to challenge their conditions of confinement and to bring challenges to their criminal convictions, and prison officials must not, by their acts, prevent an inmate from bringing, or cause an inmate to lose, an actionable claim of this type.) Plaintiff's request will be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Within twenty-one days from the date of this order the parties shall file briefs addressing whether some or all of plaintiff's claims are barred by the statute of limitations and whether some or all of plaintiff's claims should be dismissed without prejudice for failure to exhaust administrative remedies prior to suit;

2. Plaintiff's March 8, 2006 motion for temporary restraining order is denied without prejudice;

3. Plaintiff's April 21, 2006 supplemental motion for temporary restraining order is denied without prejudice; and

/////

1  4.  Plaintiff's August 21, 2006 request for an order directing return of property is
2 denied.
3 DATED: September 12, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

12
reed0575.o5