1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ALONZO REED,

11           Plaintiff,                    No. CIV S-04-0575 GEB JFM P

12       vs.

13   D. L. RUNNELS, et al.,

14           Defendants.              <u>ORDER</u>

15   _____/

16           Plaintiff is a state prisoner proceeding pro se.  This action was commenced by

17   plaintiff in state court and removed by defendants to this court pursuant to 28 U.S.C. § 1441.

18   Since removal, plaintiff has filed an amended complaint, a second amended complaint, a third

19   amended complaint and, most recently, a proposed fourth amended complaint.  By order filed

20   September 14, 2006, the parties were ordered to file briefs addressing whether some or all of

21   plaintiff's claims are barred by the statute of limitations and whether some or all of plaintiff's

22   claims should be dismissed without prejudice for failure to exhaust administrative remedies prior

23   to suit.

24           On November 22, 2006, defendants filed their response.  Defendants maintain that

25   all of plaintiff's claims involving allegations of events that occurred on or after September 11,

26   2002, the date this case was initially filed in state court, should be dismissed because plaintiff

                                          1

could not have exhausted his administrative remedies as to those claims prior to the filing of suit as required by 42 U.S.C. § 1997e(a) (1996).  Defendants contend this encompasses claims from ¶¶178-91, ¶¶218-52, ¶¶273-38; ¶¶ 339-66; ¶¶ 367-69; ¶¶ 370-73; ¶¶ 374-78; ¶¶379-83; ¶¶384-86; and ¶¶387-89 of plaintiff's fourth amended complaint.

Defendants further contend that all claims involving events that occurred more than three years prior to plaintiff's original complaint, filed September 11, 2002, are barred by the statute of limitations.  <u>Fink v. Shedler</u>, 192 F.3d 911, 914 (9th Cir. 1999).  Defendants argue that plaintiff's claims contained in ¶¶ 104-61, ¶¶ 255-72, ¶¶367-69, and ¶¶384-89, are barred by the statute of limitations because they occurred more than three years prior to September 11, 2002.  <u>Id.</u>

Plaintiff has not substantively addressed the court's order of September 14, 2006.  Rather, plaintiff continues to seek a court order requiring prison officials to allow him to maintain six feet of legal material in his administrative segregation cell, which this court denied on September 14, 2006.  In addition, plaintiff has renewed his request for temporary restraining order.  The court has denied plaintiff's prior requests, primarily on the grounds that the court has not yet found plaintiff has an amended complaint on file that states cognizable grounds for relief.  (<u>See</u> Orders filed April 14, 2005, June 20, 2005, October 26, 2005, and January 12, 2006.)

In his January 9, 2007 motion, plaintiff contends he was deliberately assaulted by Officer T. Detlefsen and Sgt. M. Murray, two of the defendants named in the instant complaint, and argues that these defendants later retaliated against plaintiff because he told the ER-Nurse about the assault.  Plaintiff states he filed a complaint against both defendants on August 27, 2006.  (<u>Id.</u> at 3.)  Plaintiff further states that his first level appeal regarding his request for legal materials was denied and he submitted it to the second level review on December 12, 2006.  Thus, it appears plaintiff is in the midst of exhausting this claim through administrative channels.  It is unlikely that plaintiff has obtained a Director's Level Decision on this claim by this date, but in any event, it is clear from this filing that plaintiff did not exhaust his administrative remedies

1   prior to bringing the instant action which was originally filed on September 11, 2002.  In

2   addition, although plaintiff contends this deprivation of legal materials is risking his access to the

3   courts, a review of the instant docket as well as other court filings reflects that plaintiff's ability

4   to file documents with this court has not been impeded.[1]  Plaintiff has filed four documents with

5   this court since this court's order of September 14, 2006.  Accordingly, the court will deny

6   plaintiff's motion without prejudice to its renewal once a valid complaint is on file.

7       Moreover, the court notes that during the pendency of this action, plaintiff filed a

8   new civil rights complaint against at least sixteen defendants at High Desert State Prison and

9   CSP-SAC concerning incidents ranging in date from December 1999 to July 29, 2004.  See CIV

10  S-06-1050 LKK KJM P.

11      Finally, in plaintiff's January 9, 2007 motion, plaintiff asks the court to grant him

12  an extension of time in which to respond to this court's September 14, 2006 order.

13      Before dealing with what happens next, the court must address the scope of this

14  action.  The court has the power to control its docket and the cases pending before it.  Ferdik v.

15  Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 506 U.S. 915 (1992).  A litigant

16  proceeding in forma pauperis may suffer restricted access to the court where it is determined that

17  he is overusing or abusing court resources in the pursuit of frivolous or nonfrivolous actions.

18  DeLong v. Hennessey, 912 F.2d 1144 (9th Cir. 1990); see also Tripati v. Beaman, 878 F.2d 351,

19  352 (10th Cir. 1989).  As noted previously, over the course of four amended complaints, this

20  action has been transformed from one claim, filed in state court, raised against seven defendants

21  at one state prison, about an alleged improper deprivation of a radio, to an action against sixty-

22  five named defendants and numerous other Doe defendants at four state prisons and the

23  California Department of Corrections headquarters.  Except in unusual circumstances, court

24  actions are limited to one event or a series of events that transpire at one prison, unless there is a

25

26      [1]  A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1    connection warranting joining issues from a different prison.  This helps the parties focus the

2    litigation and obtain discovery.  It also serves judicial economy and efficiency in getting the

3    matter set for trial.  Here, because plaintiff opted to raise allegations concerning multiple

4    offenses that occurred in multiple institutions, for a very broad range of time, this case is now

5    pending in federal court for over three years.  It is now pending almost five years from its initial

6    filing in state court.

7            Plaintiff's fourth amended complaint is ninety-one pages long and names sixty-

8    five individual defendants and numerous Doe defendants.  (March 8, 2005 Fourth Amended

9    Complaint [Docket No. 52].)  The fourth amended complaint contains numerous allegations

10   based on events that occurred in March 2004 and thereafter.  As noted in this court's September

11   14, 2006 order, exhaustion of administrative remedies prior to suit is required.  Booth v. Churner,

12   532 U.S. 731, 741 (2001); Woodford v. Ngo, _____ U.S. _____, 126 S.Ct. 2378 (2006).  Moreover,

13   many of plaintiff's claims are based on allegations of events that occurred more than three years

14   before this action was removed to this court.  It is very likely that most, if not all, of those claims

15   would be barred by the applicable statute of limitations.  Fink v. Shedler, 192 F.3d 911, 914 (9th

16   Cir. 1999).

17           At bottom, however, plaintiff's fourth amended complaint does not contain a short

18   and plain statement of claims as required by Fed. R. Civ. P. 8.  See McHenry v. Renne, 84 F.3d

19   1172, 1177 (9th Cir. 1996); see also September 14, 2006 Order.[2])  Although the Federal Rules

20   adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the

21   claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir.

22   1984).  Plaintiff must allege with at least some degree of particularity overt acts which

23

24        [2] "Plaintiff's fourth amended complaint suffers from many of the same problems as the
     pleading dismissed in McHenry: there is much "'narrative rambling[]'" yet a marked lack of
25   "notice of what legal claims are asserted against which defendants." Id. at 1176.  As in
     McHenry, "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose
26   unfair burdens on litigants and judges." Id. at 1179." (September 14, 2006 Order at 5.)

                                                 4

1   defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply

2   with the requirements of Fed. R. Civ. P. 8(a)(2), the fourth amended complaint must be

3   dismissed.  The court will, however, grant leave to file a fifth amended complaint.

4          If plaintiff chooses to file a fifth amended complaint, plaintiff must demonstrate

5   how the conditions complained of have resulted in a deprivation of plaintiff's constitutional

6   rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the fifth amended complaint

7   must allege in specific terms how each named defendant is involved.  There can be no liability

8   under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's

9   actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto,

10  633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

11  Furthermore, vague and conclusory allegations of official participation in civil rights violations

12  are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

13         Plaintiff should carefully consider claims arising from to events that took place

14  three years prior to September 11, 2002 (unless there is a reasonable basis for tolling the statute

15  of limitations), as well as any claim that had not been exhausted through administrative remedies

16  by the filing date of the complaint herein, September 11, 2002.  Moreover, plaintiff should not

17  include in this fifth amended complaint any claim presently pending in CIV S-06-1050 LKK

18  KJM P.  Plaintiff is not permitted to press the same claims in two different cases.

19         In addition, plaintiff is informed that the court cannot refer to a prior pleading in

20  order to make plaintiff's fifth amended complaint complete.  Local Rule 15-220 requires that an

21  amended complaint be complete in itself without reference to any prior pleading.  This is

22  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

23  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a fifth amended complaint, the

24  original pleading no longer serves any function in the case.  Therefore, in a fifth amended

25  complaint, as in an original complaint, each claim and the involvement of each defendant must

26  be sufficiently alleged.

1          Finally, it appears plaintiff may be having difficulty accessing his legal materials.

2   Good cause appearing, counsel for defendants will be directed to inform the court as to the status

3   of plaintiff's access to his legal materials.  Defendants are cautioned that failure to comply with

4   this order may result in the imposition of sanctions.  The court is granting plaintiff more time to

5   file a fifth amended complaint so that he may have time to review his legal materials and submit

6   a cogent fifth amended complaint.

7          In accordance with the above, IT IS HEREBY ORDERED that:

8          1.  Plaintiff's fourth amended complaint is dismissed.

9          2.  Plaintiff is granted sixty days from the date of service of this order to file a

10  fifth amended complaint that complies with this order, the requirements of the Civil Rights Act,

11  the Federal Rules of Civil Procedure, and the Local Rules of Practice; the fifth amended

12  complaint must bear the docket number assigned this case and must be labeled "Fifth Amended

13  Complaint"; plaintiff must file an original and two copies of the fifth amended complaint; failure

14  to file a fifth amended complaint in accordance with this order will result in a recommendation

15  that this action be dismissed.

16         3.  Plaintiff's September 26, 2006 (Docket No. 63) and January 9, 2007 motions

17  are denied without prejudice (Docket Nos. 68, 69).

18         4.  Within fifteen days, counsel for defendants shall inform the court as to the

19  status of plaintiff's access to his legal materials.

20  DATED:  February 2, 2007.

21

22                                    *John F. Moulds*

23                              UNITED STATES MAGISTRATE JUDGE

24  1

25  reed0575.o6

26

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26