IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALONZO REED,

Plaintiff, No. CIV S-04-0575 GEB JFM P

vs.

D.L. RUNNELS, et al.,

Defendants.

ORDER AND

FINDINGS AND RECOMMENDATIONS

_________________________________/

Plaintiff is a state prisoner proceeding pro se with a civil rights complaint pursuant to 42 U.S.C. § 1983. Pursuant to this court's order, defendants have filed medical records in support of their decision to transfer plaintiff to a mental hospital. (May 10, 2007 Response, *passim*.) The court has reviewed these records and finds that plaintiff is getting psychiatric care. Moreover, plaintiff is a member of the plaintiff class in the Coleman v. Schwarzenegger, Case No. CIV S-90-0520 LKK JFM P. Accordingly, plaintiff's April 20, 2007 request for order preventing his transfer to a mental hospital will be denied.

The prosecution of the instant action has been frustrated by plaintiff's mental health issues. This case began as an improper deprivation of a radio claim filed in state court on September 11, 2002. Defendants removed the action to federal court and plaintiff, over the course of four amended complaints, transformed the case from one claim, raised against seven defendants at one state prison, to an action against 65 named defendants and numerous other Doe

defendants at 4 state prisons and the CDC-R, much of which took place after March 2004. Plaintiff's fourth amended complaint was dismissed and he was granted until April 3, 2007 in which to file a fifth amended complaint. In addition to being directed to omit claims barred by the statute of limitations and not exhausted by September 11, 2002, plaintiff was cautioned not to include any claims raised in a more recent filing: CIV S-06-1050 LKK KJM P (civil rights complaint against at least sixteen defendants at High Desert State Prison and CSP-SAC concerning incidents ranging in date from December 1999 to July 29, 2004).

However, on March 16, 2007, this action was stayed pending an assessment by the special master in Coleman v. Schwarzenegger, Case No. CIV S-90-0520 LKK JFM P ordered by the undersigned. Dr. Metzner reviewed plaintiff's case at the request of the special master.

At the present time, it is important for plaintiff to focus on his health issues rather than the instant legal action. Good cause appearing, this court will recommend that this action be stayed for a period of six months. At that time, either plaintiff or defendants may file a notice concerning the status of plaintiff's mental health treatment.

In his January 31, 2007, emergency request for preliminary injunction and temporary restraining order, plaintiff alleges, *inter alia*, that defendants have deprived him of his right of access to the courts by depriving plaintiff of his legal materials and failing to grant him access to the law library. Although plaintiff contends his access to the court has been impeded, a review of the docket in this case reflects that plaintiff has no difficulty accessing the court when needed and otherwise. Because this action is being stayed, plaintiff does not need his legal materials to pursue this action at the present time. Accordingly, plaintiff's request for court orders to access the law library and for his legal materials should be denied without prejudice.

Plaintiff has also requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of

counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

In his May 15, 2007 filing, plaintiff asks the court to direct defendants to provide plaintiff with all the medical records supporting his impending transfer to a mental health facility. However, the certificate of service appended to defendants' May 10, 2007 filing reflects that defendants served plaintiff with a copy of those documents. Plaintiff's May 18, 2007 filing confirms that plaintiff has had access to these documents. Plaintiff's request is denied as moot.

In light of the above, the remaining requests contained in plaintiff's May 15, 2007 filing will also be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's March 14, 2007, May 15, 2007 and May 18, 2007 requests for the appointment of counsel are denied. (Docket Nos. 76, 85, 86.)

2. Plaintiff's May 15, 2007 and May 18, 2007 requests for court orders are denied. (Docket No. 85, 86.)

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's April 20, 2007 request for emergency order to prevent transferring plaintiff to a mental hospital be denied. (Docket No. 78.)

2. This action be stayed for a period of six months. At that time, either plaintiff or defendants may file a notice concerning plaintiff's mental health treatment.

3. Plaintiff's January 31, 2007 emergency request for preliminary injunction and/or temporary restraining order be denied. (Docket No. 70.)

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 22, 2007.

UNITED STATES MAGISTRATE JUDGE

/001; reed0575.ord