IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALONZO REED,

    Plaintiff,                        No. CIV S-04-0575 GEB JFM P

    vs.

D.L. RUNNELS, et al.,            ORDER AND

    Defendants.              FINDINGS AND RECOMMENDATIONS

                               /

          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On June 19, 2007, this action was stayed for a period of six months. While the action was stayed, plaintiff filed various requests and motions. However, because the action was stayed, these requests and motions were not well taken and will be denied without prejudice.

          Sixth months have now passed. Accordingly, the Clerk of the Court will be directed to lift the stay. On November 20, 2007, plaintiff filed his fifth amended complaint. However, on December 14, 2007, plaintiff filed a document entitled "Supplemental Complaint for Damages." Id.

          Plaintiff was last granted an extension of time in which to file a fifth amended complaint with certain qualifications.[1] In addition to being directed to omit claims barred by the

---

[1] This case began as an improper deprivation of a radio claim filed in state court on September 11, 2002. Defendants removed the action to federal court and plaintiff, over the

1

1  statute of limitations and not exhausted by September 11, 2002, plaintiff was cautioned not to
2  include any claims raised in a more recent filing: CIV S-06-1050 LKK KJM P (civil rights
3  complaint against at least sixteen defendants at High Desert State Prison and CSP-SAC
4  concerning incidents ranging in date from December 1999 to July 29, 2004). (February 2, 2007
5  Order at 3-5.)

6        On June 30, 2004, the court advised plaintiff of the requirements of the Civil
7  Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. In that same
8  order, plaintiff was advised that failure to file a complaint in accordance with that order would
9  result in a recommendation that this action be dismissed.

10        In the court's April 14, 2005 order, plaintiff was advised that the court required
11  copies of prison disciplinaries to be submitted in conjunction with his claims implicating the
12  validity of prison disciplinary convictions. (Id. at 2-3.)

13        In the court's June 20, 2005 and October 26, 2005 orders, plaintiff was granted
14  extensions of time in which to obtain copies of the required prison disciplinaries. In the October
15  26, 2005 order, the court noted that plaintiff had filed a motion for leave to file a fifth amended
16  complaint, along with a proposed fifth amended complaint raising claims unrelated to those
17  requiring submission of the disciplinary convictions. (Id. at 2.) Plaintiff was granted leave to
18  advise the court whether he intended to proceed on the third amended complaint or wished to
19  proceed on the motion for leave to file a fifth amended complaint. (Id.)

20        On January 12, 2006, plaintiff's attempts to file supplemental pleadings were
21  denied, and plaintiff's third amended complaint was dismissed. Plaintiff was cautioned that the
22  court would view any further motions to file a supplemental complaint as a violation of that

---

course of four amended complaints, transformed the case from one claim, raised against seven defendants at one state prison, to an action against 65 named defendants and numerous other Doe defendants at 4 state prisons and the CDC-R, much of which took place after March 2004. Plaintiff's fourth amended complaint was dismissed and he was granted until April 3, 2007 in which to file a fifth amended complaint. At that point, the case was frustrated by plaintiff's mental health care issues and the case was ordered stayed for a six month period.

order, and that further failures to comply with court orders might result in a recommendation that this action be dismissed. (Id. at 5.) Plaintiff was granted 120 days in which to file a fourth amended complaint. (Id. at 5-6.) Plaintiff was warned that no extensions of the deadline would be granted, and that "[f]ailure to comply with any provision of this order will result in a recommendation that this action be dismissed." (Id. at 6.)

Plaintiff filed a fourth amended complaint and, on September 14, 2006, the court issued an order to show cause why certain claims should not be dismissed as barred by the applicable statute of limitations[2] or for plaintiff's failure to first exhaust his administrative remedies.[3] (Id. at 2-4.) Finally, the court noted that plaintiff's fourth amended complaint was 91 pages long and named 65 individual defendants. (Id. at 2.)

On February 2, 2007, the court issued an order addressing defendants' briefs in response to the order to show cause concerning exhaustion and the statute of limitations. Plaintiff was cautioned that the court had the power to control its docket and the cases pending before it. Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 506 U.S. 915 (1992). (Id. at 3.) The court found that plaintiff's fourth amended complaint contained unexhausted and time-barred claims and failed to contain a short and plain statement of cognizable claims, but would be dismissed with leave to file a fifth amended complaint. (Id. at 3-4.) Plaintiff was advised to "carefully consider claims arising from events that took place three years prior to September 11, 2002 . . . as well as any claim that had not been exhausted through administrative remedies by the filing date of the complaint. . . ." (Id. at 5.) Plaintiff was reminded he should not include in his fifth amended any claim pending in CIV S-06-1050 LKK KJM P. Finally, plaintiff was cautioned that failure to file a fifth amended complaint in accordance with

---

[2] Many of the claims raised by plaintiff in the fourth amended complaint were based on allegations of events that occurred more than three years before the instant action was removed to this court. (Id. at 4 & n.2.)

[3] Plaintiff included allegations concerning events that occurred in March 2004 and thereafter, all of which occurred after the instant action was filed in federal court. (Id. at 2.)

that February 2, 2007 order would result in a recommendation that this action be dismissed. (Id. at 6.)

On December 14, 2007, plaintiff filed a document entitled "Supplemental Complaint for Damages," which names different defendants than those named in the November 20, 2007 fifth amended complaint and also addresses events that occurred from April 12, 2004 through September 2, 2007 at California State Prison, Sacramento. This supplemental filing violates the January 12, 2006 order that barred plaintiff from filing any further supplemental complaints and warned him that said filing would result in a recommendation that this action be dismissed. (Id.) This filing also violates the court's order that plaintiff omit any allegations that postdate the filing of this action because plaintiff could not have exhausted his administrative remedies prior to filing suit in federal court based on those post-filing allegations. See Orders filed September 14, 2006 and February 2, 2007, citing Booth v. Churner, 532 U.S. 731, 741 (2001); Woodford v. Ngo, ____ U.S. ____, 126 S.Ct. 2378 (2006).

On November 20, 2007, plaintiff filed a 107 page, fifth amended complaint, naming 171 defendants. (Id.) Over half of plaintiff's fifth amended complaint violates the parameters set forth in this court's February 2, 2007 order. (5th AC at 44-94.) Within plaintiff's fourth cause of action, plaintiff has included allegations concerning events that took place after September 11, 2002, the date which plaintiff initiated the instant action in state court. (5th AC at 44-57, ¶¶ 245-285.) In the fifth cause of action based on retaliation, plaintiff raises claims based on events that occurred from June 10, 2004 (5th AC at 57) to January 19, 2007 (5th AC at 75). In plaintiff's sixth cause of action, plaintiff's allegations are based on events from March 2, 2004 (5th AC at 90) to September 23, 2007 (5th AC at 93). (See 5th AC at 81-94.) By order filed February 2, 2007, plaintiff was admonished that because plaintiff initiated this case in state court on September 11, 2002, only allegations fully exhausted by September 11, 2002 could be included in any amended complaint.

/////

In addition, plaintiff's first cause of action is based on an event that took place on January 7, 1998, which also violates this court's February 2, 2007 order.  In addition, plaintiff renewed two prior claims of retaliation, yet failed to provide the disciplinary convictions as first required by this court's order of April 14, 2005.

Finally, on January 18, 2008, plaintiff filed a 298 page document entitled "Writ of Mandate/Prohibition" in which plaintiff raises claims concerning events that took place between 2004 and 2007.  None of these claims could have been exhausted prior to the 2004 filing of the instant action.  Thus, this filing violates the court's prior orders as well.

The history of this case and plaintiff's last three filings make it clear that plaintiff is either unable or unwilling to comply with this court's orders.

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."  Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 506 U.S. 915 (1992). "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including:  '(1) the public's interest in expeditious resolution of litigation;  (2) the court's need to manage its docket;  (3) the risk of prejudice to the defendants;  (4) the public policy favoring disposition of cases on their merits;  and (5) the availability of less drastic alternatives.'"  Ferdik, 963 F.2d at 1260-61 (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

In determining to recommend that this action be dismissed, the court has considered the five factors set forth in Ferdik.  Here, as in Ferdik, the first two factors strongly support dismissal of this action.  The action has been pending for almost four years and plaintiff has yet to file a viable complaint raising exhausted, cognizable § 1983 claims, despite the court's patience and the granting of multiple extensions of time and opportunities to correct his pleading. Plaintiff's failure to comply with the Local Rules and the court's previous orders suggests that further time spent by the court thereon will consume scarce judicial resources in addressing

litigation which plaintiff demonstrates no intention to pursue in compliance with the court's orders and rules.

The fifth factor also favors dismissal. The court has advised plaintiff of the requirements under the Local Rules and granted ample additional time to file a viable complaint, all to no avail. The court finds no suitable alternative to dismissal of this action.

Under the circumstances of this case, the third factor, prejudice to defendants from plaintiff's failure to file a viable complaint, should be given little weight. Plaintiff's failure to file a viable amended complaint does not put defendants at any disadvantage in this action. See Ferdik, 963 F.2d at 1262. Defendants would only be "disadvantaged" by a decision by the court to continue an action where plaintiff has been unable to cogently present viable claims in a timely manner. Indeed, as plaintiff has attempted to add more and more defendants, those unnamed and unserved defendants would be disadvantaged by the continuation of this stale action.

The fourth factor, the public policy favoring disposition of cases on their merits, weighs against dismissal of this action as a sanction.[4] However, for the reasons set forth supra, the first, second, and fifth factors strongly support dismissal and the third factor does not mitigate against it. Under the circumstances of this case, those factors outweigh the general public policy favoring disposition of cases on their merits. See Ferdik, 963 F.2d at 1263.

Accordingly, IT IS HEREBY ORDERED that:

1. All requests and motions filed between June 19, 2007 and December 19, 2007 (docket nos. 94, 95, 97, & 100) are denied without prejudice; and

2. The June 19, 2007 stay of this action is lifted.

/////

---

[4] In addition, defendants were required to address the status of plaintiff's access to his legal materials (see February 2, 2007 order) and the special master in Coleman v. Schwarzenegger, Case No. CIV S-90-0520 LKK JFM P, was made aware of plaintiff and his situation (see March 16, 2007 order).

For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 23, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

001; reed0575.fr